# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 14, 2010

## STATE OF TENNESSEE v. EDDIE J. BAUCOM, III

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR9060     Larry Wallace, Judge**

---

**No. M2010-00276-CCA-R3-CD - Filed April 19, 2011**

---

The defendant, Eddie J. Baucom, III, was convicted by a Dickson County jury of one count of fourth offense of driving while under the influence and one count of resisting arrest. He was subsequently sentenced to two years probation for driving under the influence and thirty days incarceration in the Dickson County jail for resisting arrest. On appeal, the defendant challenges the sufficiency of the convicting evidence for the driving under the influence. Based upon a thorough review of the record and the parties' briefs, we affirm the judgment of the Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Michael J. Flanagan (on appeal), Nashville, Tennessee; Jake Lockert, District Public Defender and Kathleen Mitchell, Assistant Public Defender (at trial), Dickson, Tennessee, for the appellant, Eddie J. Baucom, III.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Kelly Jackson and Craig S. Monsue, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Facts

A Dickson County Grand Jury indicted the defendant on one count of fourth (4th) offense of driving while under the influence and one count of resisting arrest. At trial, the state presented the testimony of Officer Jeffery McKlis of the Dickson County Sheriff's

Office. Officer McKlis testified that at approximately 8:00 p.m. on January 5, 2007, he and Officer Tim Farris received a call from dispatch concerning a vehicle parked in the middle of Span Road. After noticing that the vehicle was occupied, Officer McKlis knocked on the window but received no response. Officer McKlis then opened the door and saw the defendant, who "appeared to be passed out." The defendant was the only occupant in the vehicle. According to Officer McKlis' affidavit of complaint, the key was still in the ignition. Upon opening the door, Officer McKlis noticed a "very, very strong scent of alcohol and urine." In addition, he observed an empty bottle of vodka on the floorboard. When Officer McKlis attempted to wake the defendant, the defendant tried to slam the door and push Officer McKlis out of the vehicle. Officer McKlis then pulled the defendant out of the vehicle. During this time, the defendant was attempting to pull away, attempting to kick, shouting, making threats, and cussing. Officer McKlis testified that no field sobriety tests were performed, because they would have been impractical, given the defendant's fighting behavior. The defendant was handcuffed, arrested, and placed in the back of the patrol car. During the ride to Dickson, the defendant continued to yell at the officers. In addition, the defendant began to bang his head against the plexiglass divider and kick the back of the seat. According to Officer McKlis, the defendant was lucid and conscious and appeared to be aware of his surroundings. Specifically, the defendant was commenting on his surroundings and directing insults at the officers. Officer McKlis also stated that the defendant's speech was very slurred. After arriving at the booking station in Dickson, the defendant continued to yell and scream. He also banged on the walls and threatened to urinate in the corner of the room. The defendant then refused to submit to a chemical test and refused to sign the implied consent form. Officer McKlis admitted that he could not say whether the defendant was having a seizure. However, he noted that the defendant's behavior was consistent throughout the night and at no point did the defendant not realize where he was.

Officer Tim Farris, who was on a ride along with Officer McKlis on the night of January 5, 2007, testified that when the defendant was placed in custody, the defendant was unsteady on his feet and unable to stand on his own. He also stated that he noticed a "very strong" scent of alcohol. In addition, the defendant had urinated on himself. Officer Farris testified that based upon his experience and training as a first responder, he did not believe that the defendant was having a seizure. However, Officer Farris admitted that he was not aware of a psychomotor seizure.

The defendant testified that he had suffered from grand mal and psychomotor seizures since childhood. When describing the seizures, the defendant stated that the grand mal seizures "don't last that long." However, he noted that the psychomotor seizures "just keep coming and coming and coming; they don't stop." The defendant took medication to control the seizures. However, he had not taken his medication for approximately one week when the incident occurred. According to the defendant, on the evening of January 5, 2007, he

dropped off his children with their mother in Centerville. He then went to Wal-Mart to get gas at approximately 6:00 p.m. Afterwards, he went to help his sister, who was having car trouble, and then headed home. While driving home, the defendant felt like he was going to have a seizure, so he pulled off the road as quickly as possible and turned the ignition off. The defendant stated that the next thing he remembered was waking up in jail.

The defendant's father, Eddie Baucom, Jr., testified that he received a call from the sheriff's department asking him to come get his vehicle. Upon his arrival, an officer told him that his son was under arrest for drunk driving. The officer allowed the defendant's father to speak with the defendant while he was in the patrol car. When he approached the defendant, the defendant stared straight ahead and didn't recognize him. The defendant's father stated that he did not smell alcohol on the defendant. In addition, he testified that when the defendant has a seizure, he urinates on himself. In his opinion, the defendant had a seizure that night. The defendant's father also testified that he placed the empty vodka bottle, which was trash, in the floorboard of his vehicle two days prior to the incident.

Phillip Baucom, the defendant's uncle, testified that he saw the defendant between 6:00 and 6:30 p.m. on January 5th when they were both getting gas at Wal-Mart. According to the defendant's uncle, the defendant was sober and did not smell of alcohol when he saw him. The defendant's uncle also testified that he saw the defendant's father place the empty vodka bottle in the floorboard of the vehicle.

The defendant's sister, Christina Baucom, testified that at approximately 6:30 or 6:45 on January 5, 2007, she called the defendant because she was having car trouble. When the defendant arrived to help her, he was sober. It took approximately ten minutes for the defendant to repair her car.

In rebuttal, the State recalled Officer McKlis, who testified that the defendant recognized his father and the two men were talking while the defendant was in the back of the patrol car.

On appeal, the defendant only challenges the sufficiency of the convicting evidence as it relates to his conviction for driving under the influence. Specifically, the defendant argues that the evidence was insufficient to support the jury's verdict of guilt as to the offense of driving under the influence.

**Analysis**

We begin our review by reiterating the well-established rule that once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). Therefore, on

appeal, the convicted defendant has the burden of demonstrating to this court why the evidence will not support the jury's verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979); *State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003); *see* Tenn. R. App. P. 13(e). In contrast, the jury's verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. *Carruthers*, 35 S.W.3d at 558. Questions concerning the credibility of the witnesses, conflicts in trial testimony, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). We do not attempt to re-weigh or re-evaluate the evidence. *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006). Likewise, we do not replace the jury's inferences drawn from the circumstantial evidence with our own inferences. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

Tennessee Code Annotated § 55-10-401 (2003) provides, "It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . . while under the influence of any intoxicant." Thus, the State may prove this offense by showing that the defendant was driving or in physical control of a vehicle while intoxicated. *See State v. Lawrence*, 849 S.W.2d 761, 763.

The testimony provided by Officer McKlis and Officer Farris established the essential elements of driving under the influence beyond a reasonable doubt. The defendant was in the driver's seat of the vehicle with the keys in the ignition. Both officers noticed the scent of alcohol on the defendant. The defendant had also urinated on himself. Additionally, Officer McKlis observed an empty vodka bottle in the floorboard of the vehicle. Although the defendant argues that his behavior was the result of a seizure, the jury resolved the conflicting testimony in favor of the State. As previously noted, the jury, as the trier of fact, determines the weight and value of the evidence and resolves all conflicts in the evidence. *See Bland*, 958 S.W.2d at 659.

## Conclusion

Based upon the foregoing authorities and reasoning, we affirm the defendant's conviction for driving under the influence.

_____
J.C. McLIN, JUDGE